UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

CORY WOOLLARD, #247739,

        Petitioner,

v.
        Case No. 1:10-CV-14487
        Honorable Thomas L. Ludington

HEIDI WASHINGTON,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR A WRIT OF
HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY,
AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner, Michigan prisoner Cory Woollard, pleaded guilty to armed robbery, Mich. Comp. Laws § 750.529, carrying a concealed weapon, Mich. Comp. Laws § 750.227, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b, and third-degree fleeing and eluding, Mich. Comp. Laws § 750.479a(3), in the Genesee County Circuit Court in 2009. He was sentenced as a fourth habitual offender, Mich. Comp. Laws § 769.12, to concurrent terms of 15 to 30 years imprisonment on the armed robbery and felon in possession convictions, concurrent terms of 5 to 10 years imprisonment on the carrying a concealed weapon and fleeing and eluding convictions, and a consecutive term of 5 years imprisonment on the felony firearm conviction. Petitioner raises speedy trial and conspiracy claims. Petitioner's claims lack merit and the petition will be denied. Leave will also be denied for a certificate of appealability and for leave to proceed *in forma pauperis* on appeal.

**I**

Petitioner's convictions arise from his armed robbery of a gas station, known as Fleck's Market, on Holly Road near I-75 in Genesee County, Michigan on November 19, 2007. The robbery was recorded on the store's security system and an employee called 911 shortly after the robbery. A police chase ensued and Petitioner was shot multiple times before being apprehended. Petitioner was hospitalized and his injuries resulted in him becoming a paraplegic. While undergoing medical treatment, he was held in state custody as a result of a parole violation hold.

On November 21, 2007, Grand Blanc Township Police Detective Todd Gilbert requested a complaint and warrant from the Genesee County Prosecutor's office. The complaint and warrant were authorized by the prosecutor's office, but Detective Gilbert did not serve them after learning that Petitioner was unable to use a wheelchair or be brought to court. Detective Gilbert, the Genesee County Sheriff, and a 67th District Court Judge participated in a conference call and agreed that Petitioner could not be arraigned until he was able to use a wheelchair. On December 10, 2007, Petitioner was returned to the custody of the Michigan Department of Corrections to address the parole hold. Petitioner was hospitalized for a period of time and taken to various health care facilities for surgeries and treatment until April 2008.

On December 4, 2008, Detective Gilbert learned that Petitioner could use a wheelchair, so he served the complaint and arrest warrant. Detective Gilbert informed Petitioner's parole agent about the arrest warrant. On April 16, 2009, Detective Gilbert received a LEIN (Law Enforcement Information Network) notice from the Michigan Department of Corrections and delivered a copy to the prosecutor's office.

On April 20, 2009, Petitioner filed a motion to dismiss alleging a speedy trial violation claiming that he was arrested on November 19, 2007. A state habeas writ was issued on May 20, 2009 and Petitioner was arraigned in state district court on June 12, 2009.

At a pretrial hearing, defense counsel filed another motion to dismiss asserting a violation of Michigan's 180-day rule, *see* Mich. Comp. Laws §§ 780.131; 780.133; MICH. CT. R. 6.004(D), and his constitutional right to a speedy trial. The state trial court concluded that the 180 days began to run in April, 2009, when the Department of Corrections sent its letter to the prosecutor as required by state law, Mich. Comp. Laws § 780.131(1), and that Petitioner's arraignment on June 12, 2009 was therefore timely.

On August 25, 2009, Petitioner pleaded guilty to the charged offenses, preserving the speedy trial issue for appeal. In arguing that his speedy trial rights were violated, Petitioner claimed that his parole officer and Detective Gilbert arrested him on December 10, 2007 while he was hospitalized. Petitioner acknowledged that he was taken to the Michigan Department of Corrections' infirmary and repeatedly traveled to Grand Rapids for surgery. The trial court ruled that Petitioner's speedy trial rights were not violated because any delay was due to his medical condition and that he had not shown that he was prejudiced. On September 24, 2009, the trial court imposed sentence.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that the trial court erred in failing to dismiss the charges on the grounds that the prosecution violated Michigan's 180-day rule and/or the right to a speedy trial under the federal Constitution. The court denied the application "for lack of merit in the grounds presented." *People v. Woollard*, No. 295435 (Mich. Ct. App. Jan. 29, 2010) (unpublished).

Petitioner also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Woollard*, 781 N.W.2d 834 (Mich. 2010).

Petitioner thereafter submitted his federal habeas petition, raising the following claims as grounds for relief:

   I.   His constitutional right to a speedy trial was violated when the 180-Day Rule was violated.

   II.  The delay of 180 days was the result of a conspiracy, the intent was to cause prejudice to his ability to sue the Genesee County Sheriff's Department and the deputy who shot him seven times, which left him a paraplegic.

Respondent has filed an answer to the petition contending that it should be denied because the first claim lacks merit and the second claim is unexhausted and lacks merit. Petitioner has filed a reply to that answer acknowledging that his second claim is unexhausted and requesting a ruling solely on his speedy trial claim.

## II

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes the following standard of review for federal habeas cases brought by state prisoners:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d).

A state court's decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. And "where factual findings are challenged, the habeas petitioner has the burden of rebutting, by clear and convincing evidence, the presumption that the state court's factual findings are correct." *Goodwin v. Johnson*, 632 F.3d 301, 308 (6th Cir. 2011) (citing 28 U.S.C. § 2254(e)(1); *Landrum v. Mitchell*, 625 F.3d 905, 914 (6th Cir. 2010)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). To obtain a writ of habeas corpus from a federal court, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786–87. Finally, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

**III**

Petitioner asserts that he is entitled to habeas relief because his speedy trial rights were violated by the delay between his arrest and arraignment. As an initial matter, the Court notes that Petitioner is not entitled to habeas relief on any claim that the state courts violated Michigan's 180-day rule. It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Thus, to the extent that Petitioner contends that Michigan's 180–day rule was violated, he is not entitled to federal habeas relief. *See Burns v. Lafler*, 328 F. Supp. 2d 711, 722 (E.D. Mich. 2004) (denying habeas relief on similar claim).

The Sixth Amendment to the United States Constitution, however, provides a criminal defendant with the constitutional right to a speedy trial. *See* U.S. Const. Amend. VI. To determine whether a speedy trial violation has occurred, a reviewing court must consider the following four factors: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his speedy trial right, and (4) the prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). No single factor is determinative, rather a court must weigh the factors and engage in a "difficult and sensitive balancing process" to determine whether a constitutional violation has occurred. *Id*. at 533. The right to a speedy trial "is 'amorphous,' 'slippery,' and 'necessarily relative.'" *Vermont v. Brillon*, 129 S. Ct. 1283, 1290 (2009) (citation omitted).

The length of delay is a "triggering factor" because "until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance." *Barker*, 407 U.S. at 530. Therefore, to trigger a speedy trial analysis, the accused must allege that the interval between the accusation and the trial has crossed the threshold dividing

ordinary from presumptively prejudicial delay. *Doggett v. United States*, 505 U.S. 647, 651–52 (1992). Courts have generally found post-accusation delays that approach one year to be "presumptively prejudicial." *Id.* at 652, n. 1.

In this case, the state trial court addressed the speedy trial issue when it denied Petitioner's motion to dismiss on the day his plea was accepted. The court found that the authorities requested an arrest warrant in November 2007, but did not swear out the warrant until December 2008, and that Petitioner was arraigned in June 2009. Without discussing the length of delay, the court ruled that no Sixth Amendment speedy trial violation occurred because the delay was attributable to Petitioner's medical issues and there was no proof that he was prejudiced by the delay. *See* Plea Tr. 19–20. The Michigan appellate courts denied leave to appeal in standard orders.

The state courts' denial of relief on this claim is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. First, as to the length of the delay, the record indicates that while an arrest warrant was sought in November 2007, it was not sworn out until December 2008 because Petitioner was hospitalized for several months, receiving ongoing medical care, and could not be brought to court in a wheelchair. Petitioner was held in state custody during that period of time as a parole violator, not on the criminal charges. His arrest and confinement on a parole violation would not serve to start the running of the speedy trial clock as to the criminal charges. *See*, *e.g.*, *United States v. Marion*, 404 U.S. 307, 320 (1971) (providing that federal speedy trial rights are triggered by "arrest and holding to answer a criminal charge"); *Alldredge v. Harrington*, No. C 06-7147 MMC (PR), 2011 WL 3047624, (N.D. Cal. July 25, 2011) (finding that arrest on parole violation does not start speedy trial clock and denying habeas relief). Petitioner was arraigned in June 2009 and entered his plea in August 2009. Thus, the delay between

the issuance of the arrest warrant on the criminal charges and/or Petitioner's arraignment on those charges and his guilty plea was less than one year. Under such a scenario, an analysis of the remaining factors is unnecessary because the delay was not presumptively prejudicial and no speedy trial violation occurred.

Second, even if the delay was more than one year (based upon Petitioner's claimed arrest date of November or December 2007), Petitioner has not satisfied the remaining factors. The second factor concerns the reason for the delay and determining whether the government or the defendant is "more to blame." *Doggett*, 505 U.S. at 651. In this case, much of the delay arose from Petitioner's serious medical condition and extensive treatment — not from any effort by the prosecution to gain a tactical advantage in Petitioner's criminal case. This factor weighs against Petitioner and in favor of the government.

The third factor addresses whether Petitioner asserted his speedy trial rights in a timely fashion under the circumstances presented. *Barker*, 407 U.S. at 531-32. A defendant's failure to assert his rights in a timely fashion "weighs heavily against" finding a Sixth Amendment violation. *United States v. Thomas*, 167 F.3d 299, 305 (6th Cir. 1999). While Petitioner asserted his speedy trial rights in the state courts, he did not first do so until April 2009 — nearly a year and a half after his claimed arrest date in late 2007. This factor weighs against Petitioner and in the government's favor.

The fourth factor concerns prejudice to the defendant resulting from the delay. A defendant must show "substantial prejudice" such as oppressive pretrial incarceration, anxiety and concern, and the possibility that the defense will be (or was) impaired due to fading memories and the loss of exculpatory evidence. *Doggett*, 505 U.S. at 654; *Barker*, 407 U.S. at 532. Petitioner in this case has

failed to establish that he was prejudiced by any delay. There was significant evidence of Petitioner's guilt of the charged offenses and that he did not have a good defense to those charges. In fact, he elected to plead guilty as charged rather than proceed to trial. While Petitioner may have been anxious or concerned about whether he would face criminal charges, he was already in custody as a parole violator and he has not shown that any defense to the criminal charges was impaired by the delay. This last factor weighs against Petitioner and in the government's favor. Consequently, even assuming that the first factor is implicated, the remaining three are not. Petitioner has failed to establish a federal speedy trial violation. Habeas relief is not warranted on this claim.

Additionally, before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Having conducted the requisite review and given the foregoing discussion, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right as to his claims. A certificate of appealability will not be issued. Further, the Court will not grant Petitioner leave to proceed *in forma pauperis* on appeal, as any appeal cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

## IV

Accordingly, it is **ORDERED** that Petitioner's petition for a writ of habeas corpus, ECF No. 1, is **DENIED** with prejudice.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that the Court declines to grant Petitioner leave to proceed *in forma pauperis* on appeal.

Dated: June 12, 2013                               s/Thomas L. Ludington
                                                   THOMAS L. LUDINGTON
                                                   United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and on Corey Woollard #247739 Macomb Correctional Facility 34625 26 Mile Road, New Haven, MI 48048 by first class U.S. mail on June 12, 2013.
                               s/Tracy A. Jacobs
                               TRACY A. JACOBS